UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: _____

CINCIA LOUIS, )
)
    Plaintiff, )
)
v. )
) Case No.:
HMSHOST CORPORATION d/b/a )
Starbucks Corporation d/b/a Starbucks )
Coffee Company, )
)
    Defendant. )
)

# COMPLAINT

Plaintiff CINCIA LOUIS ("Plaintiff") sues defendant HMSHOST CORPORATION d/b/a Starbucks Corporation d/b/a Starbucks Coffee Company ("Defendant") and alleges as follows:

## NATURE OF ACTION

1. This action involves the application of the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e *et seq*. ("Title VII"); and the Pregnancy Discrimination Act of 1978.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1367 (a).

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district, and because Defendant has its principal place of business within the district, resides in the judicial district, and because the employment records of Plaintiff are stored or have been administered, in Broward County.

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800    Telephone: 305.503.5131
Aventura, Florida 33180    Facsimile: 888.270.5549

4. Plaintiff invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under the FCRA.

## PARTIES

5. At all times material, Defendant was and is a foreign profit corporation authorized to conduct business in the State of Florida, in Broward County, and within the jurisdiction of this Court.

6. At all times material to this Complaint, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10). Plaintiff specifically incorporates the definition of "aggrieved person" under the FCRA.

7. At all times material, Defendant was a "person" and an "employer" as defined by the FCRA, Fla. Stat. § 760.02(6), (7); and 42 U.S.C.A. § 2000e.

8. At all times material, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

9. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

10. Plaintiff has complied with all conditions precedent in filing this action, to wit;

    a. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Miami District Office on or about December 11, 2019.

2

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800    Telephone: 305.503.5131
Aventura, Florida 33180    Facsimile: 888.270.5549

b. Plaintiff was issued a Notice of Right to Sue as to all charges of discrimination and retaliation on or about July 9, 2020.

11. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## **GENERAL ALLEGATIONS**

12. Plaintiff is a female individual.

13. On or about December 6, 2018, Plaintiff began her employment with Defendant as a Barista/Cashier at the Starbucks coffee restaurant located in the T1 Baggage Claim area of the Fort Lauderdale International Airport at 100 Terminal Drive, Fort Lauderdale, Florida 33315.

14. In or about April of 2019, Plaintiff became pregnant.

15. Plaintiff immediately informed Defendant's management of her pregnancy, including her Manager, Robert Veit ("Veit"), and advised Veit of her expected delivery date.

16. Before learning of her pregnancy, Plaintiff cleaned the Starbucks restaurant with chemicals. However, after becoming pregnant, Plaintiff could no longer tolerate the chemical odors, could not clean the restaurant without getting sick, and feared for the safety of her unborn child. As such, Plaintiff objected to cleaning the restaurant with chemicals.

17. After learning of Plaintiff's pregnancy and in light of Plaintiff's concerns, Defendant's Managers began to complain of how often Plaintiff used the restroom, that she could not clean well, and ultimately forced Plaintiff to clean the restaurant with chemicals several times a month.

18. On or about October 21, 2019, Veit and Manager Anna Suslova informed Plaintiff that she was terminated for allegedly violating company policy. However, this was pretextual, as

3

Defendant did not provide any evidence to support its allegation that Plaintiff violated company policy, and the actual reason for Plaintiff's termination is because she was pregnant.

## COUNT I: VIOLATION OF THE FCRA – PREGNANCY DISCRIMINATION (TERMINATION)

19. Plaintiff repeats and re-alleges paragraphs 12-18 as if fully stated herein.

20. At all times material, Plaintiff was qualified to perform the essential functions of her job.

21. At all times material, Defendant was aware of Plaintiff's pregnancy.

22. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because of her pregnancy.

23. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

24. Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful harassment of employees who are pregnant.

25. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

26. Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

27. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. Declare that the acts complained of herein are in violation of the FCRA;

B. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

C. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

D. Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

E. Award punitive damages, according to proof;

F. Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

G. Grant such other and further relief, as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

### COUNT II: VIOLATION OF THE FCRA – PREGNANCY RETALIATION (TERMINATION)

28. Plaintiff repeats and re-alleges paragraphs 12-18 as if fully stated herein.

29. At all times material, Plaintiff was qualified to perform the essential functions of her job.

30. At all times material, Defendant was aware of Plaintiff's pregnancy.

31. Defendant intentionally engaged in unlawful employment practices and retaliation in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff after she objected to cleaning the restaurant with chemicals because she feared for the safety of her unborn child.

32. Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

33. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

34. Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

35. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. Declare that the acts complained of herein are in violation of the FCRA;

B. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

C. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800      Telephone: 305.503.5131
Aventura, Florida 33180              Facsimile: 888.270.5549

D. Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional retaliation, according to proof;

E. Award punitive damages, according to proof;

F. Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

G. Grant such other and further relief, as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT III: VIOLATION OF TITLE VII AND THE PREGNANCY DISCRIMINATION ACT – PREGNANCY DISCRIMINATION

36. Plaintiff repeats and re-alleges paragraphs 12-18 as if fully stated herein.

37. At all times material, Plaintiff was qualified to perform the essential functions of her job.

38. At all times material, Defendant was aware of Plaintiff's pregnancy.

39. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of Title VII and the Pregnancy Discrimination Act by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff because of her pregnancy.

40. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of Title VII and the Pregnancy Discrimination Act.

41. Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful harassment of employees who are pregnant.

7

42. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

43. Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

44. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. Declare that the acts complained of herein are in violation of Title VII and the Pregnancy Discrimination Act;

B. Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII and the Pregnancy Discrimination Act;

C. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

D. Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

E. Award punitive damages, according to proof;

F. Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by Title VII and the Pregnancy Discrimination Act; and

G. Grant such other and further relief, as the Court deems just and proper.

8

SAENZ & ANDERSON, PLLC
———————————————————————
20900 NE 30th Avenue, Suite 800         Telephone: 305.503.5131
Aventura, Florida 33180                 Facsimile: 888.270.5549

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

**COUNT IV: VIOLATION OF TITLE VII AND
THE PREGNANCY DISCRIMINATION ACT –
PREGNANCY RETALIATION (TERMINATION)**

45. Plaintiff repeats and re-alleges paragraphs 12-18 as if fully stated herein.

46. At all times material, Plaintiff was qualified to perform the essential functions of her job.

47. At all times material, Defendant was aware of Plaintiff's pregnancy.

48. Defendant intentionally engaged in unlawful employment practices and retaliation in violation of Title VII and the Pregnancy Discrimination Act by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, terminating Plaintiff after she objected to cleaning the restaurant with chemicals because she feared for the safety of her unborn child.

49. Defendant thereby retaliated against Plaintiff in the terms, conditions, and benefits of her employment in violation of Title VII and the Pregnancy Discrimination Act.

50. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

51. Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800　　　　　　　Telephone: 305.503.5131
Aventura, Florida 33180　　　　　　　　　　Facsimile: 888.270.5549

52. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. Declare that the acts complained of herein are in violation of Title VII and the Pregnancy Discrimination Act;

B. Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII and the Pregnancy Discrimination Act;

C. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

D. Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional retaliation, according to proof;

E. Award punitive damages, according to proof;

F. Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by Title VII and the Pregnancy Discrimination Act; and

G. Grant such other and further relief, as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: August 25, 2020.

Respectfully submitted,

By: /s/ Tanesha Blye
Tanesha Blye, Esquire
Fla. Bar No.: 0738158
Email: tblye@saenzanderson.com

10

Aron Smukler, Esquire
Fla. Bar No.: 0297779
Email: asmukler@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff(s)*